DOMENECH *v.* ROLA ET AL.

APELACIÓN procedente de la Corte de Distrito de

Aguadilla.

No. 2. Resuelto en Junio 18, 1905.

HEREDEROS.—ACEPTACIÓN DE LA HERENCIA.—CONFUSIÓN DE BIENES.—OBLIGACIONES DEL CAUSANTE.—Aceptada la herencia por los herederos vienen éstos á suceder al testador en la universalidad de sus derechos activos y pasivos trans-

misibles, y á representarlo con ese carácter, confundiéndose en ellos los bienes de la herencia con los suyos propios, y quedando obligados á responder con ambos bienes del cumplimiento de las obligaciones de su causante.

ID.—LEGADOS.—LEGATARIO.—Cuando el legado es de cosa específica y determinada, el legatario adquiere su propiedad desde el fallecimiento del testador, y se confunde con los bienes propios del legatario, siendo ambos igualmente responsables del cumplimiento de las obligaciones contraídas por el causante, como sucede en el caso de los herederos que hubieren aceptado la herencia.

ANOTACIÓN DE EMBARGO.—DERECHO REAL.—La anotación de un embargo en el Registro de la Propiedad, no concede á la persona, en cuyo favor se haga tal anotación, ningún *derecho real* sobre el inmueble anotado, ni priva al propietario ó legatario de la misma del derecho de gozar y disponer libremente del referido inmueble, sin limitación de clase alguna.

INSCRIPCIÓN DE LA FINCA LEGADA.—ACREEDORES DE LA TESTAMENTARÍA.—RESCISIÓN.—Hecha la inscripción de una finca á favor del legatario, haciéndose constar que éste la adquiría *sin perjuicio de las acciones que pudieran competir á los acreedores de la testamentaría para hacer efectivos sus créditos sobre los bienes de la herencia,* ésto no puede entenderse en el sentido de que la finca inscrita estuviese especialmente sujeta á garantir las obligaciones personales del testador, aunque puede ser motivo para justificar la rescisión de un contrato de venta, hecho por el legatario, con respecto á dicha finca.

ID.—OBLIGACIONES.—Para que la acción de rescisión, fundada en el No. 3 del art. 1258 del Código Civil, pueda prosperar, es necesario justificar que el acreedor no puede cobrar lo que se le debe, sino mediante la rescisión del contrato celebrado, por carecer el deudor de otros bienes en que pueda hacerse efectiva la obligación.

ID.—CANCELACIÓN DE EMBARGO.—ENAGENACIÓN FRAUDULENTA.—Anotado un embargo en el Registro, y cancelado con anterioridad á la enagenación de la finca embargada, no puede producir el efecto que le señala el art. 1264 del Código Civil, para estimar fraudulenta tal enagenación.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Vázquez.*

Abogado del apelado: *Sr. Franco Soto.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, emitió la opinión del Tribunal.

Doña Cármen Hernández de Sus, vecina de Aguadilla, falleció en dicha villa el diez y ocho de Octubre de mil ochocientos noventa y nueve, bajo testamento cerrado, otorgado en seis de Junio del mismo año, que fué debidamente protocolizado, y en la cláusula 5a. de dicho testamente declaró, entre los bienes de su propiedad, una casa de mampostería de altos y bajos, situada en la calle del Comercio de la referida villa, la misma que legó por la cláusula 7a. á Don Juan María Domenech y Anazagasti; en la 8a. instituyó por sus únicos y universales herederos del remanente de sus bienes, después de satisfechos los legados, á Don Juan María, Don Juan Nepomuceno y Don Manuel María Domenech y Anazagasti; en la 9a. nombró

albacea y contador partidor para cumplir cuanto dejaba dispuesto en su dicho testamento á Don Vicente Viñas y Martínez, con prórroga del término legal del albaceazgo á todo el que necesitara; y en la 10a. prohibió toda intervención judicial en el arreglo de su testamentaría, bajo pena de que cualquiera de los herederos que la solicitara perdería su derecho y su porción acrecería á los demás.

A los pocos días de ocurrido el fallecimiento de la expresada señora, Doña Dolores Rola, solicitó del Juzgado Municipal de Aguadilla embargo preventivo contra los bienes de aquella señora para asegurar el cobro de cinco mil trescientos pesos de que se reputaba acreedora, y por auto de 28 de Octubre citado, se decretó el referido embargo, el que se llevó á efecto, entre otros bienes, en la casa de la calle del Comercio de que era legatario Don Juan María Domenech y Anazagasti, embargo que fué anotado en el Registro de la Propiedad de Aguadilla con fecha treinta y uno del propio Octubre, y cancelado en veinte y seis de Febrero de mil novecientos uno, á virtud de resolución de la Corte de Distrito de Mayagüez de once de Abril del año anterior, dictada en la pieza separada de oposición al embargo preventivo practicado en bienes de la sucesión de Doña Cármen Hernández de Sus, á instancia de Doña Dolores Rola.

Por auto de doce de Abril citado la Corte de Distrito de Mayagüez admitió la demanda interpuesta por Doña Dolores Rola contra el Albacea y herederos de Doña Cármen Hernández de Sus para el cobro del crédito que había motivado el embargo preventivo, y á la vez se declaró no haber lugar á la ratificación de éste por haberse dejado ya sin efecto, habiendo sido citados y emplazados en diez y seis del mismo Abril los herederos Don Juan María, Don Juan Nepomuceno y Don Manuel María Domenech para que contestaran la demanda interpuesta.

Antes de que fuera cancelada en el Registro de la Propiedad de Aguadilla la anotación del embargo de la casa

de la calle del Comercio de que se deja hecho mérito, y cuando ya habían sido citados y emplazados Don Juan María, Don Juan Nepomuceno y Don Manuel María Domenech para contestar la demanda, por escritura pública otorgada en la Ciudad de Ponce á veinte y seis de Septiembre de mil novecientos, Don R. Ulpiano Colóm y Ferrer, apoderado general de Don Juan María Domenech y Anazagasti, vendió á Don Manuel V. Domenech y Ferrer en precio y cantidad de tres mil quinientos dollars, que aquél confesó recibidos, la casa de que era legatario, y al propio tiempo como apoderado del Don Juan María Domenech y Anazagasti y de Don Juan Nepomuceno y Don Manuel María de iguales apellidos, los tres herederos de Doña Cármen Hernández de Sus, cedió y traspasó á favor de Don Javier Mariani y Palmieri todos los derechos y acciones que pudieran corresponder á sus poderdantes sobre los bienes que constituían la herencia de la expresada señora en precio y cantidad de dos mil quinientos dollars, que también confesó recibidos el otorgante Don Ulpiano Colóm.

El Registrador de la Propiedad de Aguadilla denegó la inscripción de la expresada escritura de 26 de Setiembre de 1900, por existir el defecto insubsanable de no ser inscribible la casa de la calle del Comercio á nombre del vendedor Don Juan Ma. Domenech, en atención á que éste la adquirió en concepto de legado de Da. Cármen Hernández de Sus, sin que conste la entrega ó tradición que debe hacer el albacea ó heredero, no pudiendo el legatario ocupar por su propia autoridad la cosa legada y por tanto disponer de ella, según resolución de la Dirección General de los Registros de España de 4 de Febrero de 1880 y artículos 885, 1025 y 1027 del Código Civil antiguo.

En vista de la negativa de inscripción del antedicho Registrador, se otorgó por Don Manuel V. Domenech y Ferrer, Don Javier Mariani y Palmieri, y D. R. Ulpiano Colóm y Ferrer, como apoderado de Don Juan María Do-

menech y Anazagasti, en 28 de Agosto de 1901 un acta notarial, en la que hicieron constar que desde la muerte de la testadora Doña Cármen Hernández de Sus, había hecho sus herederos entrega de la casa legada al legatario y heredero Don Juan María Domenech y Anazagasti, quien, en uso de sus facultades como propietario de dicho finca, la había vendido á Don Manuel V. Domenech, lo que reconocía Don Javier Mariani como subrogado en todos los derechos y acciones correspondientes á los herederos de Da. Cármen Hernández de Sus.

No obstante, el acta notarial de que se deja hecho mérito, el Registrador de la Propiedad de Aguadilla insistió en negar la inscripción de la escritura de venta de 26 de Setiembre de 1900, ya por no constar que interviniera en la entrega del legado el albacea testamentario D. Vicente Viñas Martínez, ya por no aparecer que hubiera sido liquidado el caudal hereditario y estuvieran por tanto satisfechos los créditos en su contra, cuyo pago tenía prelación al de los legados, no procediendo tomar anotación preventiva por tratarse de un defecto insubsanable.

No conforme la parte interesada con la negativa del Registrador, elevó éste los antecedentes con su informe á la Corte Suprema para la resolución correspondiente, y el Tribunal dictó resolución en diez y ocho de Diciembre de mil novecientos uno, cuyos "Considerandos" y parte dispositiva dicen así:

"*Considerando* que con la presentación en el Registro de la Propiedad de Aguadilla del acta notarial otorgada en veinte y ocho de Agosto del año próximo pasado por D. Javier Mariani y Palmieri, como cesionario de los rerederos de la difunta Da. Cármen Hernández de Sus, ha debido estimarse subsanado el defecto que impedía la inscripción de la escritura de venta de la casa de que se trata en el presente recurso, toda vez que de dicho documento consta que la casa en cuestión fué entregada por los herederos instituídos en el testamento de Da. Cármen Hernández al legatario D. Juan Ma. Domenech, no siendo también necesaria la conformidad del Albacea,

como lo exige el Registrador en su segunda nota, rectificando lo que sobre este particular había consignado en la primera, puesto que, con arreglo al artículo 885 del Código Civil, tampoco se exige que la entrega del legado se verifique por el heredero y albacea conjuntamente, sino por cualquiera de los dos indistintamente.—*Considerando* en cuanto al segundo motivo en que se funda la negativa del Registrador, que tampoco es de estimarse, toda vez que, acreditada como está, la entrega de la casa legada al legatario D. Juan María Domenech desde la muerte de la testadora Da. Cármen Hernández, y no constando que esté intervenida judicialmente la testamentaría de dicha Sra., no hay razón que impida la inscripción de dicho inmueble en el Registro de la Propiedad á favor del legatario que adquirió su dominio desde la muerte de la testadora; sin perjuicio de las acciones que puedan competir á los acreedores de la testamentaría para hacer efectivos sus créditos sobre los bienes de la herencia, y de los cuales deberán hacer uso ante los Tribunales de Justicia y en la forma correspondiente.—*Considerando* en cuanto á los artículos 1025 y 1027 del Código Civil, que también cita el Registrador en su nota, que no son aplicables al presente recurso, tanto porque en el caso de que se trata, el legado ha sido ya pagado por los herederos con la entrega al legatario de la casa legada, cuanto porque los preceptos que dichos artículos contienen, sólo son aplicables cuando los herederos han aceptado la herencia á beneficio de inventario, ó reservándose el derecho de deliberar sobre la aceptación ó repudiación de la misma, en ninguno de cuyos casos consta que se encuentre la herencia de Da. Cármen Hernández.—*Considerando* que no es de estimarse como temeraria la negativa del Registrador á inscribir la escritura de que se trata. *Vistas* las disposiciones legales citadas.—Se revoca la nota denegatoria puesta por el Registrador de la Propiedad de Aguadilla al pie de la escritura de venta á que se refiere el presente recurso, y se declara que procede inscribirla en el Registro de la Propiedad en la forma correspondiente; sin especial condenación de costas.''

En cumplimiento de la anterior resolución, con fecha seis de Febrero de mil novecientos dos, fué inscrito en el Registro de la Propiedad de Aguadilla á favor de Don Juan Ma. Domenech y Añazagasti el dominio de la casa de la calle del Comercio, como adquirida á título de herencia testada, en concepto de legado, sin perjuicio de las acciones que puedan competir á los acreedores de la testa-

mentaría para hacer efectivos sus créditos sobre los bienes de la herencia, y de las cuales deberán hacer uso ante los Tribunales de Justicia en la forma correspondiente; y también en la misma fecha fué inscrito á favor de Don Manuel V. Domenech y Ferrer el dominio de la misma finca adquirido de Don Juan María Domenech y Anazagasti por título de compra, sin que en el contrato se estableciera condición alguna que limitara las facultades del adquirente, estando la repetida finca libre de cargas.

Así las cosas, con motivo de sentencia firme recaída en el juicio declarativo seguido por Doña Dolores Rola contra la Sucesión de Doña Cármen Hernández de Sus, en cuya sentencia fueron condenados Don Juan María, Don Juan Nepomuceno y Don Manuel María Domenech, como herederos de Doña Cármen Hernández de Sus, á satisfacer á la demandante la suma de mil ochocientos pesos provinciales con sus intereses legales desde la interposición de dicha demanda, fué embargada en unión de otras fincas la repetida casa de la calle del Comercio para hacer efectivas las responsabilidades de la sucesión demandada, habiéndose tomado anotación preventiva de tal embargo en el Registro de la Propiedad de Aguadilla con fecha 21 de Julio, de mil novecientos dos, en cuya diligencia se hizo constar que Domenech y Ferrer era dueño de la repetida casa, aunque sin perjuicio de los acreedores de la testamentaría de Doña Cármen Hernández de Sus.

Ese embargo dió lugar á que Don Manuel V. Domenech y Ferrer, bajo dirección del Letrado Don H. M. Hutchison, presentara ante la Corte de Distrito de Mayagüez demanda de tercería de dominio contra Doña Dolores Rola y la Sucesión de Doña Cármen Hernández de Sus para que se declarara ser de su propiedad la casa embargada, que se describe en la demanda, y en su consecuencia sea excluída del embargo y remate, cancelándose la anotación preventiva del embargo y condenando en costas á los que se opusieron á su pretensión; á cuyo fin invocó, como fun-

damentos de hecho, la escritura de venta de la casa otorga-
da á su favor por Don Juan María Domenech en veinte y
seis de Setiembre de mil novecientos, y el acta notarial de
veinte y ocho de Agosto de mil novecientos uno, documen-
tos ambos inscritos en el Registro de la Propiedad de
Aguadilla; y citó como fundamentos de derecho los artí-
culos 354, 355 y 1348 del Código Civil, el 24 de la Ley Hi-
potecaria, y los 1530 y 1533 de la Ley de Enjuiciamiento
Civil.

El Letrado Don Fernando Vázquez, en representación
de Doña Dolores Rola, se opuso á la demanda y formuló
los siguientes pedimentos:—1o. Que se declare la nuli-
dad de la escritura otorgada por D. Juan María Dome-
nech á favor de Don Manuel V. Domenech en veinte y seis
de Septiembre de mil novecientos. 2o. Que no habiendo
lugar á esa nulidad, se declare rescindido el contrato de
venta, cancelándose en uno ú otro caso la inscripción de
dominio verificada en el Registro á nombre del compra-
dor. 3o. Que por consecuencia de tal nulidad ó rescisión
se declare sin lugar la tercería interpuesta. 4o. Que
aún cuando no haya lugar á la nulidad ó rescisión intere-
sada, se desestime la tercería, mandando que continúe el
procedimiento de apremio contra la casa objeto de dicha
tercería, y que se cancele la inscripción verificada á nom-
bre del tercerista. 5o. Que sea condenado en costas Don
Manuel V. Domenech.

Alega Doña Dolores Rola, en apoyo de sus pretensiones,
que Doña Cármen Hernández de Sus instituyó en su tes-
tamento por sus únicos y universales herederos de todos
sus bienes, derechos y acciones, á Don Juan María, Don
Juan Nepomuceno y Don Manuel María Domenech; que
al Don Juan María legó además la casa objeto de la ter-
cería; que entre otras deudas, dejó la testadora una á fa-
vor de la demandada, por la cantidad de novecientos pe-
sos, y otra por igual suma á favor de Doña Adela Dome-

nech, consistente en dos pagarés, de los cuales doña Adela endosó el suyo á Doña Dolores Rola por valor recibido; que por el montante de dichos dos pagarés, y por el importe de otro ascendente á tres mil quinientos pesos, solicitó Doña Dolores en veinte y ocho de Octubre de mil ochocientos noventa y nueve embargo preventivo contra los bienes de la sucesión de Da. Cármen Hernández, habiéndose embargado tres casas, entre las que figura la que es materia del juicio, de cuyo embargo se tomó razón en el Registro de la Propiedad de Aguadilla, si bien luego se dejó sin efecto á virtud de oposición del albacea testamentario; que establecido juicio declarativo para el cobro de los tres documentos mencionados, fueron emplazados Don Juan María, Don Juan Nepomuceno y Don Manuel María Domenech en diez y seis de Abril de mil novecientos, para que contestaran la demanda; que después de expedido mandamiento de embargo contra los bienes de la sucesión de Doña Cármen Hernández, y después de emplazado Don Juan María Domenech, vendió éste á su hijo Don Manuel V. Domenech por escritura pública la casa que á aquél legó Doña Cármen Hernández; que esa escritura fué inscrita en el Registro de la Propiedad de Aguadilla á virtud de resolución de esta Corte Suprema, sin perjuicio del derecho de los acreedores de Doña Cármen Hernández; que en el juicio declarativo de que se deja hecho mérito recayó sentencia condenatoria en cuanto á mil ochocientos pesos provinciales el siete de Diciembre de mil novecientos, la cual obtuvo el carácter de firme, y cuya ejecución dió lugar al embargo de la casa de que se trata en unión de otras dos, anotándose el embargo en el Registro de la Propiedad; y como fundamentos de derecho invocó Doña Dolores Rola los artículos 664, letras A. y B., 665, 667, 668, 992, 993, 1258, número 3o., 1264 y 1267 del Código Civil Revisado, con los concordantes del antiguo Código y el 71 de la Ley Hipotecaria.

La Corte de Distrito de Aguadilla, que reemplazó en el

conocimiento del pleito á la de Mayagüez, dictó sentencia
que textualmente dice así:

"Habiendo sido esta causa oída y juzgada por la Corte, los he-
chos, las conclusiones de la ley y la decisión por escrito sobre la mis-
ma han sido debidamente rendidas por la Corte, la que se encuen-
tra unida á la causa, en donde el fallo fué dado en favor de D. Ma-
nuel V. Domenech, demandante, en contra de todos los demandados,
y por las costas en contra de todos aquellos demandados que han
contestado, disputando los derechos del demandante en las mate-
rias que han sido objeto de discusión en este pleito.—Por lo tanto,
por la presente se ordena, juzga y decreta, que el fallo es en favor
del demandante, como se solicita por medio de la súplica de su de-
manda, y en contra de los demandados y de cada uno de todos ellos,
que todas las reclamaciones adversas de los demandados, y cada uno
de ellos, y todas las personas reclamando ó que reclamen la casa
que es objeto de esta acción colateral de tercería de dominio, por
medio de dichos demandados ó cualquiera de ellos, se juzgan, deci-
den y decretan por medio de la presente sin validez y fundamento;
y que en su consecuencia, el demandante será y es por la presente de-
clarado y juzgado el dueño verdadero y legal de la casa que se des-
cribe en el hecho primero de la demanda y que se describirá más
adelante, y que se libre orden de ejecución al Marshal para que haga
efectiva esta sentencia y entregue la posesión de la finca á Manuel
V. Domenech con abono de costas, cancelándose todo embargo ó ano-
tación que se hubiese hecho en el Registro de la Propiedad sobre
dicha finca en el pleito seguido por Dolores Rola contra la Sucesión
de Cármen Hernández de Sus. Dicha propiedad está deslindada y
descrita como sigue: Casa número cinco, sita en la calle del Comer-
cio en la villa de Aguadilla, de dos pisos, de mampostería, de azo-
tea, dividida en tres cuerpos, el primero de 20 metros 88 centíme-
tros, de frente, por doce metros 52 centímetros de ancho; el segun-
do cuerpo mide 27 metros 6 centímetros de fondo, por 6 metros 27
centímetros de ancho; y el tercer cuerpo mide 10 metros 2 centíme-
tros de fondo por 6 metros 8 centímetros de ancho; y colinda por su
frente con la calle del Comercio, por la derecha, entrando, el ojo de
agua ó Río chico y la Sucesión de Gerardo Rabassa, por el fondo el
mencionado ojo de agua, ó Río chico, y por la izquierda con la Su-
cesión Amell.—Arturo Aponte.—Juez de la Corte."

Contra esa sentencia interpuso la representación de

Doña Dolores Rola recurso de apelación, y presentada ante esta Corte Suprema la copia correspondiente de autos formularon los Letrados de Doña Dolores Rola y de Don Manuel V. Domenech sus respectivos alegatos, solicitando el primero que se dictara sentencia en los términos solicitados en la demanda, é interesando el segundo que se desestime la apelación por no haber venido al récord todas las pruebas practicadas por ambas partes, y de no haber lugar á esa pretensión, se confirme en todas sus partes el fallo apelado.

Obran en el récord todos los elementos necesarios para la decisión del recurso, como lo revelan los hechos que con sujeción al récord hemos expuesto, y en su virtud no cabe desestimar el recurso por deficiencia de la copia de autos presentadas á esta Corte Suprema; por lo que pasaremos á examinar las cuestiones sometidas al judicial debate.

Instituídos herederos de Doña Cármen Hernández de Sus, Don Juan María, Don Juan Nepomuceno y Don Manuel María Domenech y Anazagasti en el testamento otorgado por aquélla el seis de Junio de mil ochocientos noventa y nueve, y aceptada por éstos la herencia como lo demuestra la escritura pública de veinteyseis de Septiembre de mil novecientos, en que los tres cedieron y traspasaron á favor de Don Javier Mariani y Palmieri todos los derechos y acciones que pudieran corresponderles en dicha herencia, vinieron Don Juan María, Don Juan Nepomuceno y Don Manuel María Domenech y Anazagasti á suceder á la testadora en la universalidad de los derechos activos y pasivos transmisibles que ella tenía, y á representarla con carácter de universalidad, confundiéndose en los herederos los bienes de la herencia con los propios de los mismos al tenor de los artículos 664, letras A. y B., 667, 668 y 669 del Código Civil reformado, concordantes con los 659 y 661 del Código Civil antiguo; y en cuanto al

legado de la casa de la calle del Comercio de Aguadilla, que Doña Cármen Hernández dejó á Don Juan María Domenech y Anazagasti, uno de dichos herederos, por ser cosa específica y determinada, el legatario adquirió su propiedad desde el fallecimiento de la testadora, y dicha casa se confundió también con sus propios bienes, viniendo Don Juan María Domenech á ser responsable igualmente con ella del cumplimiento de las obligaciones contraídas por su causante, en la propia forma en que estaban obligados los tres herederos una vez aceptada la herencia de Doña Cármen Hernández á responder con los bienes de ésta y con los suyos propios de dichas obligaciones.

Empero como Doña Dolores Rola no había adquirido ningún derecho real sobre la mencionada casa, ni en vida de Doña Cármen Hernández, ni después del fallecimiento de ésta, Don Juan María Domenech tenía el derecho de gozar y disponer de ella sin limitación de clase alguna por no existir ley que se lo impidiera, según la definición que de la propiedad dá el artículo 348 del Código Civil antiguo; que es el 354 del Código revisado.

Ese derecho fué ejercitado libremente por Don Juan María Domenech, vendiendo la casa de que se trata por escritura pública de veinte y seis de Septiembre de mil novecientos al tercerista Don Manuel V. Domenech, y tal venta fué inscrita debidamente en el Registro de la Propiedad de Aguadilla á virtud de resolución de esta Corte Suprema de diez y ocho de Diciembre de mil novecientos uno, cuyos fundamentos de derecho no han sido desvirtuados en lo más mínimo por las alegaciones del abogado de Doña Dolores Rola.

Al verificarse la inscripción del dominio de la casa á favor de Don Manuel V. Domenech, no estaba ésta afectada por carga real alguna, ni por la anotación del embargo que anteriormente se había practicado en ella, pues dicha anotación había sido cancelada; y si bien el Registra-

dor de la Propiedad hizo constar en la anterior inscripción de dominio á favor de Don Juan María Domenech que éste adquirió la casa á título de herencia testada, en concepto de legado, sin perjuicio de las acciones que puedan competir á los acreedores de la testamentaría para hacer efectivos sus créditos sobre los bienes de la herencia y de las cuales deberán hacer uso ante los Tribunales de Justicia en la forma correspondiente, esa frase no afirma ni supone que la casa en cuestión estuviera especialmente sujeta á garantir las obligaciones personales de la testadora Doña Cármen Hernández, por más que dejaba expedito el recurso de rescisión del contrato de venta que motivó la inscripción.

Pero tampoco cabe la rescisión de ese contrato solicitada por Doña Dolores Rola, invocando los artículos 1258, número 3o., y 1264 del Código revisado, pues no se ha justificado que la Doña Dolores Rola no pueda cobrar lo que se le deba, sino mediante la realización de la casa de que se trata, por carecer de otros bienes los herederos; y aunque se expidió mandamiento para el embargo de la referida casa y se anotó éste en el Registro de la Propiedad de Aguadilla antes de la venta de la misma, tal embargo fué cancelado y no puede producir los efectos que la ley le señala.

Por las razones expuestas no cabe anular ni rescindir el contrato de venta de la casa de que se trata, otorgado por Don Juan María Domenech á favor de Don Manuel V. Domenech en veinte y seis de Septiembre de mil novecientos, ni declarar con lugar los demás pronunciamientos solicitados por Doña Dolores Rola en su escrito de demanda, y debe confirmarse la sentencia que dictó la Corte de Distrito de Aguadilla en diez de Diciembre del año próximo pasado, con las costas del recurso á cargo de la parte apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Figueras, MacLeary y Wolf.